## 14992.  HAYES v. THE STATE.

BROYLES, C. J.  The verdict was authorized by the evidence, and neither ground of the amendment to the motion for a new trial shows harmful error.

Judgment affirmed.  Luke and Bloodworth, JJ., concur.

DECIDED NOVEMBER 15, 1923.

Conviction of assault with intent to murder; from Whitfield superior court—Judge Tarver.  August 11, 1923.

F. K. McCutchen, Stafford R. Brooke, for plaintiff in error.

J. M. Lang, solicitor-general, contra.

---

## 14993.  HAYES v. THE STATE.

BROYLES, C. J.  The verdict was authorized by the evidence, and neither ground of the amendment to the motion for a new trial shows harmful error.

Judgment affirmed.  Luke and Bloodworth, JJ., concur.

DECIDED NOVEMBER 15, 1923.

Description of case and names of counsel the same as in the next preceding case.

---

## 14995.  YOUNG v. THE STATE.

A postponement of the trial until another day of the term should have been granted to enable the accused to procure the attendance of a material witness who resided in an adjoining county; and the judge's refusal to postpone requires a new trial.

DECIDED NOVEMBER 15, 1923.

Indictment for sale of liquor; from Murray superior court—Judge Tarver.  August 25, 1923.

The indictment alleged, and it was testified, that Pete Young sold intoxicating liquor on August 5, 1923.  On that day—Sunday —he was arrested and placed in jail, and he remained there until the day of his trial,—Monday, the 13th of August,—on which day the indictment was returned.  The conviction was based on testimony of Mack Young, who stated that he bought liquor at the defendant's house, and that Charlie Bagley was there at the time of the sale.  When the case was called for trial the accused requested a postponement of the trial "until to-morrow or next day,"